

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

**RENEE GARCIA**
City Solicitor
(215) 683-5003 |

**KELLY DIFFILY**
Senior Attorney | Appeals Unit
(215) 683-5010

**ANNE TAYLOR**
Chair | Litigation

<u>**VIA ECF**</u>

February 20, 2026

Patricia Dodszuweit, Clerk of Court
Office of the Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

Re:  *City of Philadelphia v. Department of Interior*
     No. 26-1348

Dear Ms. Dodszuweit:

      By this letter, Appellee the City of Philadelphia opposes the United States' request for an immediate Administrative Stay pending resolution of their broader Motion for a Stay Pending Appeal. In its Motion, the United States asks this Court to halt enforcement of the preliminary injunction that, among other things, requires it to restore the President's House to its status on January 21, 2026. That injunction was issued following a full-day evidentiary hearing in the City's litigation challenging the abrupt removal of integral interpretive material which explained, among other things, that President Washington and his wife held people in slavery in that space during the entirety of Washington's term as the first President of the United States. The Order directs the United States to restore the President's House "forthwith", and the Court subsequently (on February 18) clarified by Order that the United States must do so by 5:00pm on Friday, February 20.  Over the past two days, the United States has restored the glass interpretive panels to the President's House – remaining are the restoration of the metal signs and the restarting of the televisions. Mtn. for Stay at 7 para. 6.

      It is not clear from the face of the United States' application whether it seeks a temporary stay on the February 16th injunction, or instead it seeks a reprieve from the February 18th Order obligating it to comply with the District Court's Order by 5pm today. In other words, it is not clear whether the United States is asking the Court for permission to re-remove the panels that were just reinstalled yesterday, or whether they are asking to be relieved of the duty to reinstall

the remaining panels, or whether they are asking for more time to restore the remaining panels because today's deadline is not feasible.

To the extent they are asking for more time to restore the panels due to logistical constraints, the City respectfully submits that the propriety of the February 18th Order is not before this Court. The proper avenue for relief is to seek either reconsideration of the February 18th Order, or, if supported by good cause, relief from the specific timing terms from the District Court.

To the extent that the United States is instead requesting that this Court stay their obligation to reinstall the remaining panels while it further considers the Motion for a Stay Pending Appeal, the City respectfully submits that such relief is not warranted by the record established in this case. If they are asking the Court for permission to re-remove the panels, such relief is certainly not warranted. The initial removal of the panels caused damage – re-removal could cause even more damage. In contrast, there is no damage to the United States if the reinstalled panels remain in place and the balance are reinstalled pursuant to the February 16th injunction order.

Neither of these potential options for relief are warranted because the City will prevail on appeal. As will be more fulsomely expanded upon in the City's opposition to the United States' Motion for a Stay Pending Appeal and later in merits briefing, the District Court correctly found that the City demonstrated its likelihood of success on the merits of its myriad claims – only two of which are addressed in the United States stay motion. By not challenging the other two claims, the United States impliedly concedes them for purposes of the stay request. The District Court also properly concluded that the harm to the City upon removal of all material was immediate and ongoing until restoration, and that the City demonstrated the public interest and weighing of equities favor the entry of the injunction.

Touching specifically on the United States' argument about compelled government speech, there is no evidence in the record to support this argument. The only evidence demonstrates the decades over which the United States fully endorsed the contents of the interpretative materials. There is no evidence to the contrary. Indeed, the United States chose not to present evidence at that hearing, opting to rely solely on a cursory declaration devoid of reasoning for the removal and evincing no evidence of disagreement with the contents of the prior interpretive material at the President's House. While the City will further address this and other deficiencies in its response to the United States' Motion for a Stay Pending Appeal, this particular deficiency in the record warrants highlighting as the Court considers the United States' application for emergent relief.

Office of the Clerk
February 20, 2026

        In sum, the United States can seek relief from the specific terms of the District Court's compliance Order in that forum. Given the presumed exigency with which the Motion for a Stay Pending Appeal and consideration of the injunction on its merits will be handled, the City respectfully submits that no immediate, administrative stay is warranted.

                        Respectfully submitted,

                        CITY OF PHILADELPHIA LAW DEPARTMENT
                        RENEE GARCIA, CITY SOLICITOR

                        */s/ Kelly Diffily*
                        By: Kelly Diffily, Senior Attorney | Appeals Unit
                        Anne Taylor, Chair | Litigation
                        1515 Arch Street, 14th Floor
                        Philadelphia, PA 19102-1595
                        (215) 683-5010 / kelly.diffily@phila.gov
                        *Attorneys for Appellee the City of Philadelphia*

cc: all counsel of record (*via ECF*)