**No. 26-1348**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

―――――――――――――――

CITY OF PHILADELPHIA,

*Appellee*,

v.

SECRETARY U.S. DEPARTMENT OF INTERIOR; U.S. DEPARTMENT OF INTERIOR; DIRECTOR NATIONAL PARK SERVICE; NATIONAL PARK SERVICE,

*Appellants*.

―――――――――――――――

On Appeal from an Order Granting a Preliminary Injunction in the United States District Court for the Eastern District of Pennsylvania
Hon. Cynthia M. Rufe, Senior District Judge
Case No. 26-cv-434

―――――――――――――――

## MOTION OF AMICI CURIAE AVENGING THE ANCESTORS COALITION AND THE BLACK JOURNEY FOR LEAVE TO PRESENT ORAL ARGUMENT

―――――――――――――――

Alexandra S. Thompson
NAACP Legal Defense &
Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200

Avatara A. Smith-Carrington
Kacey Mordecai
Victor Olofin
NAACP Legal Defense &
Educational Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
(202) 682-1300

Cara McClellan (No. 331129)
Mary Catherine Roper
(No. 71107)
Penn Legal Assistance Office
3501 Sansom Street
Philadelphia, PA 19104
(215) 746-2164

Pursuant to Federal Rule of Appellate Procedure 29(a)(8), Amici Curiae Avenging The Ancestors Coalition ("ATAC") and The Black Journey LLC ("The Black Journey") respectfully move for leave to present oral argument in the above-captioned case through their counsel the NAACP Legal Defense and Educational Fund, Inc. ("LDF") and Advocacy for Racial and Civil Justice Clinic ("ARC") Justice Clinic. Amici request five minutes of oral argument time, and any corresponding enlargement of the oral argument time for the parties that the Court deems appropriate. Appellee consents to this motion; Appellants defer to the Court's preference as to whether Amici should be allowed argument time, but submits that any such argument time—if allowed—should be deducted from the Appellee's argument time.

## **BACKGROUND**

This appeal arises from Appellants' removal of educational and interpretive panels and disabling of five motion-activated video screens that were part of The President's House / Slavery Memorial ("PH/Slavery Memorial"). The district court issued a preliminary injunction restoring the exhibit to its status as of January 21, 2026—the day before National Park Service ("NPS") removed portions of the exhibit. ECF No. 54. Amici are uniquely positioned to inform the Court's review of the preliminary injunction during oral argument. Amici were involved in the creation of and continue to use the PH/Slavery Memorial. Additionally, as part of their

organizational missions, Amici are committed to preserving the accurate interpretation of American history at the President's House and combatting attempts to erase or minimize the role of slavery at the site.

**Avenging the Ancestors Coalition** is a Black-led organization of historians, teachers, journalists, civic leaders, religious leaders, elected officials, and community members. ATAC was founded in 2002 to persuade NPS and Independence National Historical Park ("Independence Park") to create a prominent memorial to the nine people held in bondage by President George Washington at the President's House. It was ATAC's advocacy that increased public awareness of the site's history and led the City, Congress, and NPS to commit financial resources to its development. Michael Coard, ATAC's founder, was selected by then-Mayor John Street to serve on the project's oversight committee, which engaged in a rigorous deliberative process that helped guide the project's design and development, and ensure its ultimate success. Since its founding, ATAC has used the memorial for public education and commemoration, while also working to preserve and uplift the history of enslaved people on federal land more broadly.

**The Black Journey: African-American Walking Tour of Philadelphia** is a walking tour company created to highlight the frequently overlooked Black history of Philadelphia and the early United States, with a focus on Black people's role at our nation's founding. The Black Journey was founded in 2019 by Raina Yancey, a

Black woman, and the daughter of Dr. Victoria Ward Yancey, a former NPS Park Ranger who worked at Independence Park. As a young girl, Raina Yancey often visited Independence Park, long before there were any references to the history of Black people and their connection to the President's House. The Black Journey seeks to ensure that Black history, both in Philadelphia and across the nation, is preserved, accessible, accurately represented, and treated as documented, historical truths.

Amici submitted an amicus brief and presented argument in support of the City's motion for a preliminary injunction, providing insight on the specific harms caused by Appellants' unlawful conduct. Specifically, Amici provided necessary insight on how Appellants' actions are part of a larger effort to censor and erase information about Black people at the founding and limit discussions on slavery, which disproportionately burden Black people, as well as the public's interest in the ongoing integrity of the site. *See* Mot. to File Amicus Br., ECF No. 19; JA173-180 (Tr. of Prelim. Inj. Hr'g); *City of Philadelphia v. Burgum*, Docket No. 26- 434, 2026 WL 431943, at *18 (E.D. Pa. Feb. 16, 2026). On April 1, 2026, Amici moved to intervene in the lawsuit, asserting their own claims under the Administrative Procedure Act ("APA") and the equal protection component of the Due Process Clause of the Fifth Amendment. *See* ECF No. 81.  On April 27, 2026, Amici submitted a brief urging this Court to affirm the district court's preliminary injunction.

## ARGUMENT

**I.  Amici Can Assist the Court's Assessment of the Likelihood of Success on the Merits Factor in Support of the Preliminary Injunction.**

Amici offer critical information and perspective to inform this Court's analysis of the City's likelihood of success on the merits. *First*, Amici can provide helpful context relevant to the City's claims that Appellants' removal of the PH/Slavery Memorial was arbitrary and capricious. *Dep't of Homeland Sec. v. Regents of the Univ. of California,* 591 U.S. 1, 16 (2020) (The APA "requires agencies to engage in 'reasoned decisionmaking,' and directs that agency actions be 'set aside' if they are 'arbitrary' or 'capricious.'"). Specifically, ATAC can provide background on the collaborative process through which the PH/Slavery Memorial was developed and help explain the significance of the Independence Park Foundation Document, which outlines the interpretive goals of the PH/Slavery Memorial.[1]

*Second*, Amici can provide critical insights on Appellants' failures to provide a reasoned explanation and take into consideration the reliance interests of the

---

[1] U.S. DEP'T OF THE INTERIOR, NAT'L PARK SERV., *Foundation Document: Independence National Historical Park Associated National Historic Sites and Memorials* (Sept. 2017), https://www.nps.gov/inde/learn/management/upload/INDE_FD_2017_508-compressed.pdf (referring to the PH/Slavery Memorial as "the community-based exhibition at the President's House archeological site that interprets race and slavery in its historic context.").

public, including Amici, in the interpretive themes and fundamental resources and values that are foundational to the PH/Slavery Memorial.

Finally, Amici offer an additional evidentiary basis to affirm the district court's finding that Appellants' removal of the PH/Slavery Memorial was arbitrary and capricious. Appellants' removal was a preordained action motivated by a discriminatory purpose. Following President Trump's issuance of Executive Order 14253 ("Executive Order") "Restoring Truth and Sanity to American History" and Secretary of the Interior Doug Burgum's Order No. 3431 ("Secretarial Order"), Appellants' have disproportionately flagged for removal countless public monuments, memorials, statues, markers, or similar displays within the NPS that discuss slavery.[2]  Appellants' removal of the PH/Slavery Memorial is part of an orchestrated effort by the Trump administration to erase depictions of slavery and other forms of racial oppression for purportedly being "disparaging" or "corrosive"—while preserving contemporaneous displays about white people, including enslavers. These actions have the desired effect of erasing Black people from public narratives of American history, so as not to "disparage" white people.

---

[2] Karin Brulliard & Brady Denis, *Confidential database reveals which items NPS thinks may 'disparage' America*, WASH. POST (Mar. 2, 2026), https://www.washingtonpost.com/climate-environment/2026/03/02/national-parks-signs-censorship-slavery/.

## II.    Amici Are Uniquely Positioned to Assist the Court's Consideration of Matters Concerning the Public Interest and Balance of Equities Factors in Support of the Preliminary Injunction.

Amici seek to provide this Court with information about the public interest and balance of the equities to support affirming the district court's preliminary injunction. Specifically, Appellants' removal of the PH/Slavery Memorial continues to prevent the public, including Amici, from accessing vital information about the history of slavery at the nation's founding at a critical site. As the district court found, Appellants' removal of the PH/Slavery Memorial includes "a loss of access to historical truth, an undermining of the public trust, and an inability to recount [the City of Philadelphia's] own story in preparation for the semiquincentennial." *City of Philadelphia v. Burgum*, Docket No. 26-434, 2026 WL 431943, at *17 (E.D. Pa. Feb. 16, 2026).

The PH/Slavery Memorial is the result of nearly a quarter century of sustained advocacy, maintenance efforts, and collaboration among ATAC, the City, and NPS. Members of ATAC were directly involved in the planning and execution of the memorial and exhibit resulting in the PH/Slavery Memorial. Members of ATAC also regularly gather at the site on dates significant to the history of slavery and freedom and use the site for public education, community organizing, and commemorative acts. ECF No. 81-3 at 9–10, 14 (Coard Decl. ¶¶ 42–44, 57–58). Depriving members of ATAC the ability to experience the memorial within the full historical context has

6

caused severe harm.

Likewise, the PH/Slavery Memorial is essential to The Black Journey's business and its mission to preserve, interpret, and publicly disseminate Black history. ECF No. 81-4 at 2–3, 9 (Yancey Decl. ¶¶ 6–8, 12, 37–38). It is nearly impossible to present Black history during the colonial period to tourists without the site's full interpretive resources and information about slavery at that time. ECF No. 81-4 at 4–6 (Yancey Decl. ¶¶ 20–23). As an organization dedicated to the preservation, interpretation, and public dissemination of Black history through place-based educational tours, Appellants' actions materially undermine The Black Journey's ability to carry out its educational programming.

## III.    Counsel Can Provide the Court with the Benefit of Their Expertise.

Counsel bring unique expertise to inform the Court's analysis. LDF is the nation's first and foremost civil rights law organization. Since its founding by Thurgood Marshall in 1940, LDF has fought in the Supreme Court and lower courts to advance racial justice and eliminate racial discrimination. LDF has a "corporate reputation for expertness in presenting and arguing the difficult questions of law that frequently arise in civil rights litigation." *NAACP v. Button*, 371 U.S. 415, 422 (1963). LDF thus brings helpful expertise to inform this Court's analysis of the harm that results from Appellants' erasure of the history of Black people at the founding of the nation and the City's likelihood of success on the merits.

In addition to informing the legal questions before the Court, granting Amici argument time will allow the Court to consider the perspectives of local organizations, Philadelphia community members, and frequent visitors to the PH/Slavery Memorial concerning a public space that represents a collaborative effort to commemorate our nation's shared history. As an organization that provides legal support to community organizations in the Philadelphia region, ARC Justice Clinic is well-situated to inform the Court regarding the specific harm to Amici and other local community members directly impacted by the removal of the PH/Slavery Memorial.

## CONCLUSION

For the reasons stated above, Amici respectfully request that this Court grant their motion to participate in oral argument, grant Amici five minutes of oral argument time, and issue any corresponding enlargement of the oral argument time for the parties that the Court deems appropriate.

Dated: April 29, 2026                     Respectfully submitted,

                                          */s/ Cara McClellan*

Avatara A. Smith-Carrington              Cara McClellan (No. 331129)
Kacey Mordecai                           Mary Catherine Roper (No. 71107)
Victor Olofin                            Penn Legal Assistance Office
NAACP Legal Defense &                    3501 Sansom Street
Educational Fund, Inc.                   Philadelphia, PA 19104
700 14th Street NW, Suite 600            (215) 746-2164
Washington, DC 20005                     caralm@law.upenn.edu
(202) 682-1300                           mroper@law.upenn.edu
acarrington@naacpldf.org

8

kmordecai@naacpldf.org
volofin@naacpldf.org

Alexandra S. Thompson
NAACP Legal Defense &
Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
athompson@naacpldf.org

*Counsel for Amici Curiae Avenging the Ancestors Coalition and The Black Journey*

## CERTIFICATE OF COMPLIANCE

1.     This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,719 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).

2.     This motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because this motion has been prepared in a proportionally spaced Times New Roman typeface using Microsoft Word, in 14-point size.

/s/ Cara McClellan
Cara McClellan

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2026, the foregoing motion was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Third Circuit using the appellate CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the system.

*/s/ Cara McClellan*
Cara McClellan