**No. 26-1348**

## IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

City of Philadelphia,

*Appellee,*

*v.*

Secretary U.S. Department of Interior; U.S. Department of Interior; Director National Park Service; National Park Service,

*Appellants.*

Appeal from the February 16, 2026 Memorandum Opinion & Order Granting Appellee's Motion for Preliminary Injunction in Case No. 26-cv-434-CMR in the United States District Court for the Eastern District of Pennsylvania (Hon. Cynthia M. Rufe)

## APPELLANTS' MOTION FOR IMMEDIATE ISSUANCE OF THE MANDATE

BRETT A. SHUMATE
Assistant Attorney General

MICHAEL VELCHIK
Senior Counsel to the Assistant
Attorney General

DAVID METCALF
United States Attorney

GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

GREGORY B. IN DEN BERKEN
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8200

Pursuant to Federal Rule of Appellate Procedure 41(b), Appellants (the Government) move for immediate issuance of the mandate and state the following in support:

1.　This appeal arises from a preliminary injunction requiring the Government to reinstall exhibits removed from the federally owned President's House Site in Independence National Historical Park in Philadelphia and prohibiting the Government from altering the Site, including by installing replacement materials. JA4-5.

2.　On June 18, 2026, this Court issued a precedential opinion that "vacate[d] the District Court's preliminary injunction and remand[ed] with instructions to dismiss Counts II, III, IV, and V for lack of jurisdiction and to dispose of Count I consistent with this opinion." Doc. 112 at 33.

3.　As the Court noted, the National Park Service "ha[s] designed replacement panels" for the President's House and "st[ands] ready to install them should the injunction dissolve." *Id.* at 29.

4.　The President's House is an important national historical site, and the Government submits that the President's House exhibits should be fully installed without further delay.

5.　Although the Court has now issued its opinion and judgment, that judgment does not take effect until the mandate issues. *See* Fed. R.

App. P. 41(c). The district court's injunction thus remains operative, meaning NPS currently remains prohibited from installing replacement exhibits at the President's House. Immediate issuance of the mandate is therefore warranted so that NPS may begin work immediately and install its new exhibits.[1]

6.     No countervailing consideration supports delaying issuance of the mandate. Rehearing the panel's unanimous opinion would not be warranted. But, in any event, immediate issuance of the mandate would not shorten or foreclose Appellee's ability to seek rehearing or petition for certiorari. And in the unlikely event that a rehearing petition were not only filed but granted, the Court could—if appropriate—recall the mandate at that time.

The Government thus respectfully requests that the Court direct the Clerk of Court to issue the mandate immediately.

Respectfully submitted,

BRETT A. SHUMATE            DAVID METCALF
Assistant Attorney General     United States Attorney

---

[1]   The Government would have filed this motion sooner, but until a short while ago an injunction issued in a different case independently barred installation of the exhibits. Earlier today, that injunction was stayed by the First Circuit. *See Nat'l Parks Conservation Ass'n v. U.S. Dep't of the Interior*, No. 26-1714, Order (1st Cir. July 2, 2026).

MICHAEL VELCHIK
Senior Counsel to the
Assistant Attorney General

GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

*/s/ Gregory B. in den Berken*
GREGORY B. IN DEN BERKEN
Assistant United States Attorney
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Phone:  (215) 861-8200
Email:  gregory.indenberken@usdoj.gov

July 2, 2026

3

## COMBINED CERTIFICATIONS

Pursuant to Federal Rule of Appellate Procedure 32(g)(1) and Local Appellate Rules 27.3 and 113.4, I certify that:

1.    This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 380 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).

2.    This motion complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because this motion has been prepared in a proportionally spaced typeface in 14-point Georgia font using Microsoft Word for Microsoft 365.

3.    On July 2, 2026, shortly before filing this motion, I emailed and text messaged counsel for Appellee seeking Appellee's position on the relief requested in this motion. Counsel for Appellee responded that they have to consider the request and aimed to provide Appellee's position tomorrow.

4.    On July 2, 2026, I filed this motion via the Court's CM/ECF system and thus served the motion on all parties' counsel registered to receive electronic notices.

Dated:  July 2, 2026                    */s/ Gregory B. in den Berken*
                                        Gregory B. in den Berken