**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

---

No. 26-1348

---

**CITY OF PHILADELPHIA,**

Plaintiff/Appellee,

**V.**

**SECRETARY U.S. DEPARTMENT OF INTERIOR; U.S. DEPARTMENT
OF INTERIOR; DIRECTOR NATIONAL PARK SERVICE; NATIONAL
PARK SERVICE**

Defendant/Appellants.

---

**APPELLEE CITY OF PHILADELPHIA'S MOTION FOR
RECONSIDERATION AND TO RECALL THE MANDATE**

---

Appeal from the February 16, 2026 Order (ECF No. 54) granting the City of
Philadelphia's Amended Motion for Preliminary Injunction, issued by the United
States District Court for the Eastern District of Pennsylvania, the Honorable
Cynthia M. Rufe, No. 26-cv-434

---

CITY OF PHILADELPHIA LAW DEPARTMENT
RENEE GARCIA, CITY SOLICITOR

By: Anne Taylor, Chair | Litigation
Kelly Diffily, Senior Attorney | Appeals Unit
Lydia Furst, Chief Deputy City Solicitor
Ryan B. Smith, Divisional Deputy City Solicitor
Bailey Axe, Deputy City Solicitor
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595
(215) 683-5010 / kelly.diffily@phila.gov
*Attorneys for Appellee the City of Philadelphia*

Date: July 3, 2026

## APPELLEE CITY OF PHILADELPHIA'S MOTION FOR RECONSIDERATION AND TO RECALL THE MANDATE

Appellee the City of Philadelphia respectfully requests that the Court (1) reconsider its order granting Appellants' motion for immediate issuance of the mandate, (2) recall the mandate issued this morning, and (3) withhold issuance of the mandate pending expiration of the time to seek rehearing and disposition of any timely rehearing petition. At a minimum, the Court should recall the mandate and withhold its issuance pending the City's filing of an opposition to the Federal Government's motion – filed yesterday afternoon – on a timeline consistent with the Federal Rules of Appellate Procedure.

This Court has "inherent power to recall a mandate," and may do so "for good cause, to prevent injustice, or in special circumstances." *Michael v. Horn*, 144 F. App'x 260, 263 (3d Cir. 2005); *see Am. Iron & Steel Inst. v. EPA*, 560 F.2d 589, 593–95 (3d Cir.1977). Those standards are amply met here. The Government filed its motion yesterday afternoon, on July 2, and the Court granted the Motion and issued the mandate this morning, on July 3 (a federal holiday) before the City had any opportunity to respond, let alone the ten days to respond provided by default under the rules. *See* Fed. R. App. P. 27(a)(3)(A); L.A.R. 27.7. Indeed, the Government's own certification states that, shortly before filing, it contacted counsel for the City, and that counsel responded that the City needed to consider the request and aimed to provide its position the next day (today). The Federal Rules specifically provide that motions under Rule 41—which governs issuance of

the mandate—"may be granted before the 10-day period runs *only if* the court gives reasonable notice to the parties that it intends to act sooner." Fed. R. App. P. 27(a)(3)(A) (emphasis added). The Court provided no such notice, and its effectively *ex parte* disposition alone warrants reconsideration and recall of the mandate.

Nor has the Government identified any urgency justifying that result. The Government's motion says only that the National Park Service "st[ands] ready" to install replacement panels and that the exhibits "should be fully installed without further delay." Gov't Mot. 2. That is not an emergency; it is a preference for speed. The Government identifies no concrete harm from maintaining the *status quo* for the short additional period necessary to permit the City to seek rehearing before the mandate issues. The only changed circumstance the Government identifies is the First Circuit's stay of an injunction in separate litigation. Gov't Mot. 3 n.1. But that development does not create any independent urgency at the President's House, much less justify depriving the City of the ordinary opportunity to be heard before the mandate issues.

The City also will be irreparably harmed if the Government changes the President's House panels before the ordinary period for seeking rehearing expires. The President's House is a site of exceptional importance to Philadelphia and the Nation, developed through years of federal-local collaboration to tell a historically significant and long-suppressed story. Once the Government removes or replaces

the interpretive materials, the City and the public will lose the benefit of the existing historically grounded interpretation during the very period in which the City is entitled to seek further review. That harm cannot be adequately remedied after the fact.

The Government's contrary argument—that the City can still seek rehearing and that the Court could recall the mandate later if rehearing were granted—misses the point. Gov't Mot. 3. Recalling the mandate after the Government has altered the panels would not restore the City's lost opportunity to preserve the *status quo* during the rehearing period. Nor would it undo the public harm caused by immediate changes to the interpretation of the President's House. Rule 41 establishes an ordinary period before issuance of the mandate for a reason, and departing from that ordinary course—particularly without affording Philadelphia a meaningful opportunity to respond—demands more than the Government's unexplained desire to revise history more quickly.

**CONCLUSION**

The Court should recall the mandate and withhold its issuance until the expiration of the time to seek rehearing on the Court's June 18th decision and, if rehearing is timely sought, until disposition of that petition. At minimum, the Court should recall the mandate and direct the City to file an opposition in the time permitted by Federal Rule of Appellate Procedure 27(a)(3)(A) before ruling on the Government's extraordinary request for relief.

Respectfully submitted,

CITY OF PHILADELPHIA LAW DEPARTMENT
RENEE GARCIA, CITY SOLICITOR

*/s Anne B. Taylor*
By: Anne Taylor, Chair | Litigation
Kelly Diffily, Senior Attorney | Appeals Unit
Lydia Furst, Chief Deputy City Solicitor
Ryan B. Smith, Divisional Deputy City Solicitor
Bailey Axe, Deputy City Solicitor
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595
(215) 683-5010 / kelly.diffily@phila.gov
*Attorneys for Appellee the City of Philadelphia*

Date: July 3, 2026

**CERTIFICATION OF BAR MEMBERSHIP AND OF COMPLIANCE WITH RULES AND REQUIREMENTS FOR ELECTRONIC FILING**

Pursuant to the Third Circuit Local Appellate Rule 46.1(e), I hereby certify that I am a member of the bar of this Court.

This filing complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d) because this submission contains 725 words.

This motion complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27(d) and 32(a)(5)-(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

On July 3, 2026, I spoke with counsel for Appellant seeking Appellant's position on the relief requested in this motion. Counsel for Appellant responded that they oppose it.

Pursuant to the Third Circuit Local Appellate Rule 31.1(c), I hereby certify that the text of the electronic filing is identical to the text in the hard, paper copies of the motion.

Pursuant to Third Circuit Local Appellate Rule 31.1(c), I hereby certify that a virus detection program was performed on this electronic filing using CrowdStrike Falcon Sensor, and that no virus was detected.

*/s/ Anne B. Taylor*
Anne B. Taylor
City of Philadelphia Law Department

Date: July 3, 2026

**CERTIFICATE OF SERVICE**

I, Anne B. Taylor, hereby certify that I caused to be served today the foregoing Motion for Reconsideration and to Recall the Mandate upon the persons and in the manner indicated below:

Electronically, via CM/ECF:

Gregory B. David, Esq.
Mark J. Sherer, Esq.
Gregory B. in den Berken, Esq.
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
*Attorneys for Appellants U.S. Department of Interior, Secretary U.S. Department of Interior, Director National Park Service, National Park Service*

*/s/ Anne B. Taylor*
Anne B. Taylor
City of Philadelphia Law Department

Date: July 3, 2026