**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

No. 26-1348

**CITY OF PHILADELPHIA,**

Plaintiff/Appellee,

**V.**

**SECRETARY U.S. DEPARTMENT OF INTERIOR; U.S. DEPARTMENT
OF INTERIOR; DIRECTOR NATIONAL PARK SERVICE; NATIONAL
PARK SERVICE**

Defendant/Appellants.

**APPELLEE CITY OF PHILADELPHIA'S RESPONSE IN OPPOSITION
TO THE MOTION FOR IMMEDIATE ISSUANCE OF THE MANDATE**

Appeal from the February 16, 2026 Order (ECF No. 54) granting the City of
Philadelphia's Amended Motion for Preliminary Injunction, issued by the United
States District Court for the Eastern District of Pennsylvania, the Honorable
Cynthia M. Rufe, No. 26-cv-434

CITY OF PHILADELPHIA LAW DEPARTMENT
RENEE GARCIA, CITY SOLICITOR

By: Anne Taylor, Chair | Litigation
Kelly Diffily, Senior Attorney | Appeals Unit
Lydia Furst, Chief Deputy City Solicitor
Ryan B. Smith, Divisional Deputy City Solicitor
Bailey Axe, Deputy City Solicitor
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595
(215) 683-5010 / kelly.diffily@phila.gov
*Attorneys for Appellee the City of Philadelphia*

Date: July 7, 2026

**APPELLEE CITY OF PHILADELPHIA'S RESPONSE IN OPPOSITION TO THE MOTION FOR IMMEDIATE ISSUANCE OF THE MANDATE**

Federal Rule of Appellate Procedure 41(b) instructs that "the court's mandate must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. The court may shorter or extend the time by order."

On July 2, 2026, the federal government moved for immediate issuance of the mandate in this matter, requesting that this Court direct the district court to dismiss the City of Philadelphia's complaint. It argued that its revised exhibits "should be fully installed without further delay." ECF No. 114, Mot. for Issuance, ¶ 4. The federal government urged that this Court should issue its mandate because, until the mandate issued, it remained bound by the District Court's injunction. *Id.* ¶ 5. The federal government suggested that the consequences of such issuance were minimal, because to the extent that the City filed and succeeded in a rehearing petition, "the Court could—if appropriate—recall the mandate." *Id.* ¶ 6.

Both procedural and substantive reasons counsel in favor of recalling the mandate and issuing it instead in the routine manner prescribed by Federal Rule of Appellate Procedure 41(b).

First, as a matter of procedure, the federal government filed its motion mid-

1

afternoon on July 2, and the Court granted the Motion and issued the mandate on the morning of July 3 (a federal holiday), before the City had any opportunity to respond, let alone the 10 days to respond provided by default under the rules. *See* Fed. R. App. P. 27(a)(3)(A); L.A.R. 27.7. The federal government provided no basis for any urgency, and the Court credited none. The City immediately sought reconsideration of the Court's action, taken without any scheduling or even invitation for response from the City, and requested that the Court exercise its inherent power to recall a mandate "for good cause, to prevent injustice, or in special circumstances." *Michael v. Horn*, 144 F. App'x 260, 263 (3d Cir. 2005).

None of this process was consistent with Federal Rule of Appellate Procedure 27. That rule not only gave the City 10 days to respond, but also provided that this Court could grant the federal government's requested relief "before the 10-day period [ran] *only if* the court [gave] reasonable notice to the parties that it intend[ed] to act sooner." Fed. R. App. P. 27(a)(3)(A) (emphasis added). Although the City has now been given the opportunity to formally lodge its objection to the issuance of the mandate, the fact remains that the mandate has been issued and never recalled. Order, ECF No. 118. The belated chance to oppose the federal government's already-granted request cannot cure the procedural violations of Rule 27.

Federal Rule of Appellate Procedure 27(b), which permits disposition of a

2

"procedural order . . . at any time without awaiting a response," does not change this analysis, because the issuance of a mandate is not a procedural order but instead substantively affects the rights of the litigants. Though issuance of a mandate is "largely a ministerial function," it fixes "the obligations of the parties." *Finberg v. Sullivan*, 658 F.2d 93, 96 n.5 (3d Cir. 180). "[T]he Court retains authority to amend its judgment until it issues its mandate," *id.*, and here the time for the City to file a petition for rehearing has not yet expired.

Second, as a matter of substance, the City is prejudiced by the premature issuance of the mandate. The federal government suggests that the purpose in issuing the mandate is solely to permit the federal government to replace the panels at the President's House. But the Order and associated Mandate issued by this Court do not merely direct the District Court to vacate its preliminary injunction. They more broadly direct the District Court to dismiss four of the City's five claims, and to enter judgment on the remaining claim "in accordance with its opinion."

Thus, even though the federal government's motion to dismiss is fully briefed and unresolved in the District Court, this Court functionally ordered dismissal of the City's case. And this dismissal was directed regardless of the independent bases on which the City relied, before the District Court, in defending the viability of its claims while responding in opposition to the federal

3

government's motion to dismiss. Notably, this Court refrained from considering whether the fact that the agreements at issue are cooperative agreements makes the City's claims cognizable in the District Court rather than the Court of Federal Claims because those issues had not been presented to the District Court. That issue is now squarely before the District Court. The mandate instructing disposal of that claim consistent with the District Court's opinion on the preliminary injunction is inconsistent with the issues and arguments now pending before that court.

In addition, the Federal Rules of Appellate Procedure entitle the City to 45 days to seek rehearing, and the City is still considering its next steps. Although the panel rejected the City's claims, the decision raises important questions about the reviewability of consequential agency conduct, the circumstances in which agency implementation of a formal federal policy constitutes reviewable agency action, and the extent to which an agency may avoid APA review by characterizing concrete implementation decisions as non-final. Those issues are highly consequential and their significance extends far beyond this case.

And to reiterate that which the City stated in its motion for reconsideration, the City will be irreparably harmed if the Government changes the President's House panels before the ordinary period for seeking rehearing expires. The President's House is a site of exceptional importance to Philadelphia and the

4

Nation, developed through years of federal-local collaboration to tell a historically significant and long-suppressed story. Once the Government removes or replaces the interpretive materials, the City and the public will lose the benefit of the existing, historically-grounded interpretation during the very period in which the City is entitled to seek further review. That harm cannot be adequately remedied after the fact.

The Government's contrary argument—that the City can still seek rehearing and that the Court could recall the mandate later if rehearing were granted—misses the point. Gov't Mot. 3. Recalling the mandate after the Government has altered the panels would not restore the City's lost opportunity to preserve the *status quo* during the rehearing period. Nor would it undo the public harm caused by immediate changes to the interpretation of the President's House.

## CONCLUSION

Because the issuance of the mandate was procedurally flawed and substantively objectionable, the federal government's request for emergent issuance of the mandate should have been denied, and the mandate should be recalled for the reasons stated above.

Respectfully submitted,

CITY OF PHILADELPHIA LAW DEPARTMENT
RENEE GARCIA, CITY SOLICITOR

*/s Anne B. Taylor*
By: Anne Taylor, Chair | Litigation
Kelly Diffily, Senior Attorney | Appeals Unit
Lydia Furst, Chief Deputy City Solicitor
Ryan B. Smith, Divisional Deputy City Solicitor
Bailey Axe, Deputy City Solicitor
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595
(215) 683-5010 / kelly.diffily@phila.gov
*Attorneys for Appellee the City of Philadelphia*

Date: July 7, 2026

6

**CERTIFICATION OF BAR MEMBERSHIP AND OF COMPLIANCE WITH RULES AND REQUIREMENTS FOR ELECTRONIC FILING**

Pursuant to the Third Circuit Local Appellate Rule 46.1(e), I hereby certify that I am a member of the bar of this Court.

This filing complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d) because this submission contains 1,119 words.

This motion complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27(d) and 32(a)(5)-(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Pursuant to the Third Circuit Local Appellate Rule 31.1(c), I hereby certify that the text of the electronic filing is identical to the text in the hard, paper copies of the motion.

Pursuant to Third Circuit Local Appellate Rule 31.1(c), I hereby certify that a virus detection program was performed on this electronic filing using CrowdStrike Falcon Sensor, and that no virus was detected.

/s/ Anne B. Taylor
Anne B. Taylor
City of Philadelphia Law Department

Date: July 7, 2026

## CERTIFICATE OF SERVICE

I, Anne B. Taylor, hereby certify that I caused to be served today the foregoing Response in Opposition to the Motion for Immediate Issuance of the Mandate upon the persons and in the manner indicated below:

Electronically, via CM/ECF:

Gregory B. David, Esq.
Mark J. Sherer, Esq.
Gregory B. in den Berken, Esq.
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
*Attorneys for Appellants U.S. Department of Interior, Secretary U.S. Department of Interior, Director National Park Service, National Park Service*

*/s/ Anne B. Taylor*
Anne B. Taylor
City of Philadelphia Law Department

Date: July 7, 2026