UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 26-1348

City of Philadelphia

v.

Secretary U.S. Department of Interior, et al

Appellants

(E.D. Pa. No. 2:26-cv-00434)

Present:  HARDIMAN, RESTREPO and PHIPPS, *Circuit Judges*

1.  Response filed by Appellee City of Philadelphia.


Respectfully,
Clerk/lmr

_____ORDER_____

After Appellants filed a motion for the Court to issue the mandate immediately, the Court ordered the mandate issued forthwith. ECF Nos. 114, 115, 116. Appellee then filed a motion to reconsider, to recall the mandate, and to withhold issuance of the mandate until after the time for filing a petition for rehearing with this Court and petition for writ of certiorari with the Supreme Court have expired and after the time of resolution thereof, which the Court denied. ECF Nos. 117, 118. Appellee also sought to file its response to the Appellants' motion on the mandate, which we granted. ECF No. 118. Appellee now has filed its response. *See* ECF No. 119.

Appellee contends that the Court should recall the mandate and that it should not have issued its mandate forthwith. It makes two arguments, but the Court is not persuaded by either one. First, Appellee says that the Court should have followed the ordinary timeline for issuance of the mandate provided in Rule 41(b) of the Federal Rules of Appellate Procedure. ECF No. 119 at 1. Rule 41(b) specifies that "[t]he court may shorten or extend the time [for issuance of the mandate] by order." Rule 41 does not require a motion before the Court does so.

Second, Appellee suggests that once Appellants filed a motion as to the mandate, Rule 27(a)(3)(A) of the Federal Rules of Appellate Procedure gave it ten days to respond,

and the Court was not permitted to act on Appellant's motion before then without notice that it intended to shorten Rule 27(a)(3)'s time for response. *See* Fed. R. App. Pr. 27(a)(3)(A) ("A motion authorized by [Rule 41] may be granted before the 10-day period runs only if the court gives reasonable notice to the parties that it intends to act sooner."). But the Court's July 3 order, although stylized as a grant of Appellant's motion, *see* ECF No. 115, was in formal terms an issuance of the mandate based on the Court's exercise of its discretion to do so under Rule 41(b) (indicating the mandate *must* issue by a certain time but that the Court *may* issue it sooner); *see additionally* Fed. R. App. P. 41(d) (permitting *stay* of the mandate by party motion). The Court recognizes Appellee's objection under Rule 27(a)(3)(A) to its issuance of the mandate on July 3, 2026. But Appellee's pending response does not cite to any injury that it has incurred between July 3, 2026 and the time the response was filed on July 8, 2026.

The absence of a substantive objection shows that Appellee wishes the preliminary injunction entered by the District Court against Appellants to remain in effect while Appellee considers whether to seek further review. ECF No. 119 at 4–5. We decline to provide that relief because the Court unanimously determined that the preliminary injunction should not have issued because the District Court lacked jurisdiction over the Counts on which the preliminary injunction order was based. *See City of Philadelphia v. Sec'y U.S. Dept. of Interior*, --- F.4th ---, 2026 WL 1755493 at *13 (3d Cir. June 18, 2026).[1] The Court has thoroughly considered these and Appellee's other arguments in its response.

Having fully considered Appellee's response and having exercised its discretion to issue the mandate forthwith, the requested relief within the Appellee's response, including any request for an order recalling or staying the mandate, is DENIED.

By the Court,

s/ Thomas M. Hardiman
Circuit Judge

Dated: July 10, 2026
Lmr/cc: All Counsel of Record

---

[1] The Court's holding equates to an utter lack of likelihood of success on the merits of those claims to support the preliminary injunction issued, including any continued application of it.